UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                              Case No. 10-CR-167

LANEER EVERETT,

       Defendant.

## ORDER

On March 15, 2011, defendant Laneer Everett ("Everett") filed a Motion for Santiago Hearing (Docket #66) and a Motion for Disclosure or Dismissal (Docket #67), as well as two other motions. On May 4, 2011, Magistrate Judge William E. Callahan, Jr., issued a Recommendation and Order (Docket #82), expressing no opinion on the motion for a Santiago hearing, and disposing of the other motions. As to Everett's alternative motion to dismiss, the magistrate judge recommended that motion be denied. Everett has not filed an objection to the magistrate judge's recommendations and, in fact, filed a plea agreement on May 6, 2011.

After reviewing the recommendation, the court, finding no clear error, adopts it in its entirety and denies Everett's alternative motion to dismiss. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (holding that a district judge reviews the unobjected-to portions of the magistrate judge's recommendation for clear error).

As to Everett's request for a Santiago hearing, the magistrate judge deferred the motion for consideration by the district judge. Everett's motion requested a hearing pursuant to *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978) and Federal Rule of Evidence 801(d)(2)(E) in order to determine the admissibility of statements made by unindicted and indicted co-conspirators. In order for such statements to be admitted, the government must prove, by a preponderance of the evidence, that: (1) a conspiracy existed; (2) the defendant and declarant were members of such conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. *Santiago*, 582 F.2d at 1134-35. However, as the magistrate judge noted, the Seventh Circuit has stated that "holding a full blown pretrial hearing for a decision which is not final is an inefficient means of resolving" preliminary factual issues. *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985). As the magistrate judge further noted, it is the general practice of this district to not conduct a hearing or require a proffer in advance of trial. Thus, the court is obliged to deny the motion.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge William E. Callahan, Jr.'s May 4, 2011 Recommendation (Docket #82) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the defendant's Motion for a Santiago Hearing (Docket #66) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendant's alternative motion to dismiss within his Motion for Disclosure or Dismissal (Docket #67) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge